HOUSE
RESEARCH
ORGANIZATION bill analysis                 5/26/97

SB 453
Duncan
(Gallego)

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/3/2015 4:40:55 PM
CHRISTOPHER A. PRINE
Clerk

SUBJECT:        Interlocutory appeals from certain jurisdictional rulings

COMMITTEE:      Civil Practices— favorable, without amendment

VOTE:           6 ayes — Gray, Bosse, Dutton, Nixon, Roman, Zbranek

                0 nays

                3 absent — Hilbert, Alvarado, Goodman

SENATE VOTE:    On final passage, April 2 — 31-0

WITNESSES:      For — George Christian, Texas Association of Defense Counsel; Bill Tryon
                Texas Civil Justice League

                Against — None

                On — Carey Smith, Attorney General's Office

BACKGROUND      In order for a court to have jurisdiction over a defendant, the court must
:               establish personal jurisdiction and subject matter jurisdiction.  Personal
                jurisdiction involves a question of residency — whether the defendant's due
                process rights would be violated by being sued in the court because the
                defendant has no contacts with the jurisdiction.  Subject matter jurisdiction
                refers to the court's ability to hear the case involved based on the type of
                case and the amount in controversy.

                Objections to personal jurisdiction are made by filing a special appearance
                under Rule 120a of the Texas Rules of Civil Procedure.  If the defendant can
                prove that the court cannot exercise personal jurisdiction over the defendant,
                the suit cannot proceed.  A special appearance motion must be the first
                response to a plaintiff's pleadings, and the ruling on a special appearance
                must be the first thing a court decides in a case.

                Objections to the subject matter jurisdiction are made by filing a plea to the
                jurisdiction.  Such a plea can be made at any time during the conduct of the
                suit and may be raised for the first time on appeal.  A finding of lack of

EXHIBIT A

subject matter jurisdiction is a fundamental issue and dismisses the case immediately if the court lacks such jurisdiction.

If a special appearance motion or plea to the jurisdiction is denied by a court, the ruling is not subject to immediate appeal. The issue of the court's denial may be raised on appeal, and if an appellate court finds the trial court ruled in error, the case is dismissed. A party denied a special appearance or plea to the jurisdiction may request a writ of mandamus from an appellate court. The standard for granting a writ of mandamus under Rule 121 of the Texas Rules of Appellate Procedure is that the remedy of an appeal would not be adequate under the circumstances.

The Texas Supreme Court had ruled that the remedy available upon appeal for denial of a special appearance is adequate, and mandamus, therefore, should not apply, *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, (Tex. 1994). But recently the court issued a writ of mandamus for the denial of a special appearance motion, *CRS Ltd. v. Link*, 925 S.W.2d 591 (Tex. 1996).

DIGEST:
SB 453 would allow an interlocutory appeal of the denial of a special appearance motion by a defendant or the denial of a plea to the jurisdiction made by a governmental entity under the Texas Tort Claims Act. It would also clarify that an interlocutory appeal would have the effect of staying the commencement of a trial pending resolution of the appeal.

SB 453 would take immediate effect if finally passed by a two-thirds record vote of the membership of each house.

SUPPORTERS SAY:
Determinations of personal jurisdiction and subject matter jurisdiction are at the heart of a court's ability to hear a case. If the court does not have proper jurisdiction over a defendant, the case should not be allowed to proceed. Unfortunately, there is currently no procedure for appealing the decision of the trial court on these important issues until after a judgment is rendered. Until recently, the Texas Supreme Court had held that the remedy of an appeal was an adequate remedy to appeal such decisions. However, incorrect rulings on such decisions needlessly waste the time of the courts and can cost litigants hundreds of thousands of dollars as they defend cases which should have been dismissed. SB 453 would establish a procedure for

an interlocutory appeal, allowing these decisions to be made definitively early on in the case, saving the court's time and the litigant's money. However, to avoid overloading the appellate courts with having to rule on routine motions, the bill would limit subject matter jurisdiction interlocutory appeals to cases involving government entities sued under the Tort Claims Act.

The denial of a plea to the jurisdiction is less harmful to the defendant than a denial of a special appearance because if a plea to the jurisdiction is granted, unless the statute of limitations period has run, the plaintiff can simply re-file the case in a court of proper jurisdiction. Granting a special appearance, on the other hand, means that no court in the state can exercise jurisdiction over the defendant. SB 453 would allow a governmental entity's denial of a plea to the jurisdiction to be taken up on an interlocutory appeal because such entities would be wasting taxpayer money defending a suit in which the court lacked jurisdiction.

SB 453 would not lengthen the trial process or be an unnecessary delay in the commencement of a suit. The determination of jurisdiction is a constitutional issue and should be given the full attention it deserves. It is so central to the case that it should be dispositively determined before a trial proceeds. Interlocutory appeals are usually decided quickly by appellate courts. Appeals concerning jurisdictional issues are almost always determined on motions or briefs accompanied by affidavits; no testimony is usually allowed. While trial may not proceed while an interlocutory appeal is pending, there would be no prohibition in the statute against continuing discovery.

**OPPONENTS SAY:** SB 453 would allow defendants who had a questionable claim of personal or subject matter jurisdiction to delay the case while that issue is taken up on appeal. While it is true that now interlocutory appeals are handled in a timely manner, if even 10 percent of the defendants sued exercised this option, it would bring the appellate system to a grinding halt. Because a special appearance must be the first motion filed by a defendant, it would require the plaintiff to go to court immediately after filing suit to defend that plaintiff's right to continue the suit. Such a motion would have to be tried before the defendant even submitted an answer to any discovery, and any discovery to be done would also be halted pending the determination of the

appeal. SB 453 would be used as a tactic by defendants to delay a plaintiff's suit and force a plaintiff to run up increased legal expenses. Since the defendant in these cases would be governmental entities with resources superior to many plaintiffs, the tactic would just give these entities an even greater advantage than they already possess.

The Supreme Court and other courts of appeals are showing increased willingness to grant writs of mandamus on a denial of a special appearance and plea to the jurisdiction. As the courts are easing such restrictions, now is not the time to open up the floodgates and allow all denials of such motions to be appealed. The procedure for a writ of mandamus protects those whose clearly legitimate claims were denied. Additionally, appeals still remain a viable means of addressing such issues.

NOTES: HB 1425 by Dunnam, which passed the House on May 10 but was not reported out of the Senate Jurisprudence Committee, would have removed the right to file an interlocutory appeal on determinations made relating to the Texas Arbitration Act.